CHARLES H. SWITS and WILLIAM P. DENNIS, Plaintiffs in Error, *v.* IRA K. CARVER and BLOOMER CARVER, Defendants in Error.

### ERROR TO WINNEBAGO.

A party who does not enter an appearance, but permits his name to be called and a default to be entered, if he attempts to avoid the default by unfairly getting a plea into the record, must see that his pleading is in every particular accurate, so that it will not require extraneous proof to identify it, or the default will not be set aside, and the judgment will be sustained.

THIS was an action of assumpsit, brought by the defendants in error, against the plaintiffs in error, on a promissory note, at the December term, A. D. 1857. The summons was duly served, and the declaration filed November 23, 1857.

The declaration was in the usual form in assumpsit on a promissory note.

December 7, 1857, the second day of the term, a plea of general issue was filed, by O. Miller, Jr., attorney for defendants.

December 8, 1857, default was entered against the defendants, and judgment rendered against them for $273.34, the amount of the note.

February 27, 1858, the plaintiffs in error sued out their writ of error and supersedeas, and assign for error that the court erred :

1st. In entering defendants' default while there was a plea on file.

2nd. In rendering judgment against the defendants, by default, without noticing the plea on file.

JASON MARSH, for Plaintiffs in Error.

L. F. WARNER, for Defendants in Error.

BREESE, J. The record in this case shows an ordinary action of assumpsit, on a promissory note, with the money counts and account stated. The process was duly served, returnable to the December term, 1857, of the Winnebago County Court.

At that term, Dec. 8, on motion of the plaintiffs' attorney, the defendants were three times solemnly called, and came not, nor any one for them, and their default was entered, and a judgment rendered against them, for the amount of the note and interest, as damages. The record shows that on the 7th Dec., in a cause entitled *Charles Swits and William P. Dennis* ads. *Bloomer Carver et al.,* a plea of non-assumpsit had been filed.

By a supplemental record, brought here on suggestion of diminution by counsel for defendants in error, it appears that at the following March term, the plaintiff Carver, defendants being present by counsel, submitted their motion, and asked leave to file in said court, in the cause of *Ira K. Carver* v. *Charles Swits and William P. Dennis,* tried at the last December term, a motion to strike from the files of said cause the plea purporting to be filed in said cause, on a day previous to the entry of the judgment in that suit, for the reason that at the time of the judgment in the cause, the plea was not on file with any of the papers of the cause, and that no appearance of the defendants in the cause had been entered previous to the judgment, upon the docket or otherwise, and that no notice of the plea was given, and in support of the motion, asked leave to file affidavits, which being allowed, the plaintiffs submitted the affidavit of *Hulin,* the clerk of the court, to the effect that there was no appearance entered in the cause at the last term of the court, by the defendants, upon the records of the court or upon either of the dockets of the court, in the cause; that after the term of the court closed, he found among the loose papers belonging to various cases, a paper purporting to be a plea in the cause; that he has no recollection of ever seeing the plea until after the court had finally adjourned; that the plea bears his signature as clerk, as having been filed by him, and that is all his recollection about it; that he never saw the same among the papers of the cause in its appropriate package, that he remembers, until after the last term, when he found it and put it with the papers in the cause, in its proper envelope.

Also the affidavit of *L. F. Warner*, plaintiffs' attorney, to the effect that when judgment was rendered in the cause, no appearance had been entered for either of the defendants upon the court's, clerk's or bar docket, and no plea on file in the cause, among the papers of the cause, at the time the default was taken; and he had no notice that any plea had been filed at the time the default was taken, or at any time during that term of the court, and that no appearance of defendants, or either of them, was entered upon the records of the court.

After argument by counsel, the court allowed the motion, save and except the motion to strike the plea from the files. Leave was given only to file the affidavits of which the above is the substance. The effect of this is simply to make the affidavits a part of the record of the proceedings of the December term.

The questions are questions of practice, and may deserve a few remarks.

It is a deplorable fact, as the history of proceedings in our Circuit Courts prove, that a degree of looseness prevails in them, quite inexcusable, and which ought not so to be. Instead of being modes by which to obtain justice, courts become snares to entrap the honest suitor, and a protection for dishonesty. Several instances like the one now before us, have been noticed, where a defendant having entered no appearance, and having given no notice of any defense or plea, has contrived to set aside a default, by the trickery of causing a plea to be marked as filed by the clerk, and then retaining possession of it himself and afterwards putting it among papers to which it does not belong. The clerk, in the hurry of business in court, cannot know or remember the fact of marking each paper handed to him as filed, and all the inquiry that might be instituted by the plaintiff's counsel, when his cause is called, would fail, as in this case, to discover a plea regularly filed.

We think it should be made the duty of the clerks of the Circuit Courts to keep a book, in which the defendant's attorney shall enter notice of appearance or plea, as the case may be, so that upon reference to it, the true condition of the cause can be at once ascertained.

But this particular case will be tried by the record, and as it there appears.

The original record shows that the defendants were three times solemnly called and came not. They were then in default for want of appearance, no one of the dockets showing an entry of the appearance of either of them. The plaintiff was then at liberty to have their default entered without pro-

ceeding further, and which could only be avoided by showing a plea regularly filed.

If a plea was filed in time, the party could have called the attention of the court to it, and the default would have been set aside on motion.

We have high authority for saying, that in no case where the court below would give relief on motion, this court will entertain error, or an appeal; and such a rule would seem to be consonant to justice.

The ground, however, on which this judgment by default can be sustained, is, that the plea actually filed is not a plea in the cause then pending, and as technical advantages are sought by the plaintiffs in error here, so the defendants should be allowed the benefit of such advantages, the merits being clearly with them.  We say the plea is not a plea in the cause then pending.

That action was in the name of Ira K. Carver and Bloomer Carver *vs.* Charles H. Swits and William P. Dennis.  In the plea, the suit is entitled Charles H. Swits and William P. Dennis *ads.* Bloomer Carver *et al.*

Bloomer Carver et al. may mean Ira K. Carver and Bloomer Carver, we cannot tell.  It is not a plea in this cause.  It cannot be identified without extraneous proof.

We do not wish to be understood that such an objection to a plea that had been acted on, would be entertained by this court, for in such case, the plea would be considered as in by consent, and no after objection of this kind would be tolerated. This plea was not acted on—it was in surreptitiously, and the defendants shall have no advantage of it; and their attorney can reflect upon the rebuke administered to him in this opinion, for his conduct in the premises.

The judgment is affirmed.

*Judgment affirmed.*